**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| GARY L. FICKES, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:10-CV-197 |
| MIKE BROOKS, Sheriff, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b).

BACKGROUND

Gary Fickes filed this complaint while he was confined at the Elkhart County Jail pursuant to 42 U.S.C. section 1983, alleging that Elkhart County Sheriff Mike Brooks violated his federally protected rights by not transferring him to the custody of the Indiana Department of Correction ("IDOC") after his conviction, by not giving him the amenities he would have received had he been in the IDOC, and by not operating the jail in accordance with state law. Docket Entry 7 suggests that Fickes was shipped to the IDOC on August 19, 2010.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Because Brooks is a prisoner as defined in § 1915A(c) and the defendants he seeks redress from are governmental entities or officials, section 1915A requires the court to screen his complaint even though he originally filed it in state court.

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 US 544, 555 (2007). In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further

2

noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

The Plaintiff's federal claims arise under 42 U.S.C. section 1983 which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In his complaint, Fickes alleges that he has been convicted and sentenced and has been at the jail for seven days, but that he has not been sent to the IDOC [DE 1 at 1 ¶ 1]. He further alleges that Elkhart County Sheriff Mike Brooks "has not operated the (Elkhart County Correctional Complex) like [an] (Indiana Department

3

of Corrections) facility is suppose (sic) to be run" [*Id.*]. He alleges that the jail, unlike the IDOC, has no vocational course or college courses [*Id.* ¶ 2], does not give state pay to inmates [*Id.* ¶ 3], has kept him housed with jail inmates [*Id.* ¶ 4], has not provided a law library [*Id.* ¶ 5], and has otherwise treated him differently from inmates housed at IDOC facilities [DE 1 at 1-2].

Fickes asks this court to order Sheriff Brooks to "Remove [him] from the (Elkhart County Correctional Complex), to [a] different facility" [DE 1 at 3], award him "financial re-embursement (sic) discrimination, pain and suffering" [*id.*], and order Sheriff Brooks "to abide by (state laws) the I.D.O.C. follow for inmates throughout Indiana in all facilities . . .) [*Id.*].

There is, however, no Constitutional mandate that a state have a statewide prison system or that if a state has established a prison system that a convicted prisoner must serve his time in a state operated prison rather than in a county jail.

> Appellants had no federal right to be housed in any particular state facility, or in a state corrections facility as opposed to a local jail compensated by the state for the cost of incarcerating state inmates pending their transfer to an available and appropriate space within a state facility.

*Khaliq v. Angelone*, 72 Fed. Appx. 895, 900 (4th Cir. 2003). Moreover, prisoners who remain at a county jail after being convicted are not entitled to all of the perks they might receive if they were at a state operated prison. *Id*. 901-902 (For purposes of an Equal Protection analysis, there is a rational basis for the

4

disparate treatment between state prisoners housed in state facilities and those housed in a local facility, in regards to the programs and opportunities available to them).

Fickes asks this court to enter injunctive relief requiring Sheriff Brooks to follow state law [DE 1 at 3]. But even if Fickes were still housed at the Elkhart Jail, this court would lack jurisdiction to award this relief because the Eleventh Amendment precludes federal courts from granting the Plaintiff injunctive or declaratory relief on state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

> A federal court's grant of relief against state officials on the basis of state law, . . . does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

*Id*. at 106. To require Indiana officials to conform their conduct to Indiana law, Fickes must look to his state court remedies.

CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. section 1915A(b).

**DATED: September 20, 2010**         /S/RUDY LOZANO, Judge
                                      **United States District Court**

5